**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **ARTHUR BIVINS,**<br><br>  Plaintiff,<br><br>v.<br><br>**SERTA SIMMONS BEDDING MANUFACTURING COMPANY,**<br><br>  Defendant. | Civil Action No.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Arthur Bivins ("Plaintiff"), by and through his undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

1

## II.     ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his charge of discrimination against Defendant Specialty Appliances, LLC. ("Defendant") with the EEOC on September 24, 2020; the EEOC issued its Notice of Right to Sue on May 26, 2021.

3.

Plaintiff timely filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## III.     JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

5.

Defendant's headquarters is located within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

### IV.     PARTIES

6.

Plaintiff is an African American male citizen of the United States of America, and is subject to the jurisdiction of this Court.

7.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant is now and, at all times relevant hereto, has been a domestic for-profit corporation engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process through its registered agent at the following addresses: Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30098 and at 2451 Industry Avenue, Doraville, Georgia 30360

## V.      FACTUAL ALLEGATIONS

10.

Defendant employed Plaintiff as Materials Manager from on or around May 20, 2019, at Defendant's Grovetown plaint in Grovetown/Augusta, Georgia.

11.

January 22, 2020 a co-worker, Robert [aka Kevin] Hughes told PC he looks like Kunta Kenta from the movie 'ROOTS'. This act was witnessed by co-workers Steve Farmer and Kristine Hewitt Meredith.

12.

January 23, 2020, a co-worker, Micah cox Plaintiff a degrading video

13.

January 29, 2020, co-worker Steve Farmer hand gestured the white power symbol to Plaintiff and asked Plaintiff if he knew what the symbol mean.

14.

Plaintiff replied that he did know what it meant and considered it bad and very disrespectful. Co-worker, Nannette Urbizo was a witness to the hand gesture.

15.

Ms. Urbizo proceeded to look up on her computer the symbol and confirmed that the symbol was a white power symbol.

16.

February 5, 2020, Plaintiff listened to the video co-worker Micah Cox sent to him and was very upset at the depiction of black people made and the use of the word 'Nigger' and the 'Klu Klux Klan'.

17.

Plaintiff spoke with the plant manager and told him about the incidents and that he was very upset by the incident

18.

The plant manager told Plaintiff that he would handle it in the morning at work. Plaintiff also sent email complaint to Human Resources Representative, Tim Wynn.

19.

February 6, 2020, regional resource manager, Tasha Wright, who is Caucasian, called Plaintiff's work cell phone to him that she wanted to speak with him, the next morning, February 7, 2020.

20.

On February 7, 2020, Plaintiff spoke with Tasha Wright and explained how he felt regarding the racial incidents and told her that he wanted to relocate to another plant if possible.

21.

Ms. Wright said told Plaintiff that he could relocate and she would notify him over the weekend regarding next steps.

22.

On February 11 2020, Plaintiff again complained about the racism to Tim Wynne via email.

23.

On February 12, 2020, Plaintiff received a called from Tasha Wright, who interrogated and accused him of sexual harassment.

24.

On February 27, 2020, Plaintiff received another call from Ms. Wright who informed him that he had been accused of sexual harassment by co-workers, Nannette Urbizo and Ginger Bell.

25.

Tim Wynn was originally assigned to investigate the sexual harassment claims brought by Plaintiff's co-workers, Nannette Urbizo and Ginger Bell.

26.

Tim Wynn was removed from the investigation regarding the sexual harassment claims against Plaintiff.

27.

On February 28, 2020, Plaintiff complained via email to VP of HR "Dana" that the sexual harassment allegations were in retaliation for his complaints.

28.

On March 3, 2020, Plaintiff was put on administrative leave until case was closed by Ms. Wright.

29.

On March 9, 2020, PC was terminated for the sexual harassment allegations against him.

30.

In December 2020, Plaintiff and the Agency took participated in mediation to resolve the matter. However, the mediation was unsuccessful.

## VI.     CLAIMS FOR RELIEF

### COUNT ONE:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII

31.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

32.

Defendant's actions in subjecting Plaintiff to ongoing race discrimination constitute unlawful discrimination on basis of ("Plaintiff's") race in violation of Title VII.

33.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

34.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect heis status as an employee because of his race.

35.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

36.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT TWO: VIOLATION OF 42 U.S.C. § 1981

37.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

38.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race.

39.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

40.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

41.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

42.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

43.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

44.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 19th day of August, 2021.

                              /s/ Jeremy Stephens
                              Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
Email: *jstephens@forthepeople.com*